# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **Daniel Elizalde** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO.:   3:21-cv-1167 |
| | § | |
| **Metropolitan Life** | § | |
| **Insurance Company** | § | |
| | § | |
| *Defendant* | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Daniel Elizalde, Plaintiff, complaining of Metropolitan Life Insurance Company, Defendant, and for cause of action would show:

1. Plaintiff resided in Dallas Texas, which is located in the Northern District of Texas, at the time the breach complained of in this case occurred.

2. Defendant, Metropolitan Life Insurance Company, (hereinafter referred to as "MetLife") is an insurance company duly and legally formed under the laws of New York, which does business in the State of Texas, and may be served with citation herein by serving its registered agent, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

3. This court has original jurisdiction of this case under 28 U.S.C. § 1131, as well as 29 U.S.C. § 1132(e)(1).

4. Venue is proper in the Northern District of Texas under 29 U.S.C. § 1132(e)(2).

5. Plaintiff brings suit under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically including 29 U.S.C. § 1132 (a)(1)(B). Plaintiff is a participant in or beneficiary of an employee welfare benefit plan, which provides benefits to Plaintiff under an insurance policy issued by MetLife. Plaintiff seeks to recover benefits due to him under the plan, to enforce his rights under the terms of the plan, to clarify his rights to future benefits under the terms of the plan, and to obtain other appropriate equitable relief.

6. MetLife makes the final decisions to deny claims under its policies providing benefits to Plaintiff and is ultimately responsible for paying those benefits. MetLife therefore is burdened by an inherent conflict of interest between its duties to Plaintiff and its financial interests.

7. Plaintiff was an employee of Moroch Partners LP in 2018 when he became disabled. Plaintiff was found to be Totally Disabled by the Social Security Administration under its criteria as of March 2018.

8. At the time he became disabled, Plaintiff was insured for Long Term Disability (LTD) benefits under a policy of insurance, issued by MetLife to American Association of Advertising Agencies, Inc. Group Insurance Trust, identified as group policy number 162461-G and insuring Plaintiff.

9. Plaintiff properly submitted an LTD claim to MetLife identified as claim number 751806280119 which was initially approved, but thereafter denied on June 23, 2020.

10. Plaintiff then properly appealed the denial of LTD benefits to the designated

fiduciary of the plan, MetLife, but MetLife denied Plaintiff's appeal.

11. Plaintiff would further show MetLife violated its duty to Plaintiff under 29 U.S.C. § 1133. After Plaintiff appealed MetLife's denial of LTD benefits, MetLife failed to provide Plaintiff a full and fair review. Specifically, when it considered Plaintiff's LTD appeal, MetLife was required by 29 CFR § 2560.503-1(h)(3)(iii) and 29 CFR § 2560.503-1(h)(4) to consult with an appropriate health care professional who had training and experience in the field of medicine involved. MetLife selected Andrew Seltzer, M.D. for its required consultation. Dr. Seltzer was the same physician MetLife consulted in connection with its initial denial.

12. On appeal, MetLife was required by 29 CFR § 2560.503-1(h)(3)(v) and 29 CFR § 2560.503-1(h)(4) to consult with a medical professional who was not consulted in connection with its initial denial. MetLife violated 29 CFR § 2560.503-1(h)(3)(v) and 29 CFR § 2560.503-1(h)(4) by consulting with Andrew Seltzer, M.D. in connection with its consideration of Plaintiff's appeal, after previously consulting with Dr. Seltzer in connection with its initial denial.

13. Plaintiff has exhausted the required administrative remedies available to him under the plan. All conditions precedent to this cause of action have been met or have occurred.

14. The policy at issue in this case was used in Texas and subject to Chapter 1701 of the Texas Insurance Code.

15. The policy at issue in this case was offered, issued, renewed, or delivered on or

after February 1, 2011.

16. The policy at issue in this case was changed, modified, amended, or had a rate increase on or after June 1, 2011.

17. The policy at issue in this case does not lawfully delegate discretionary authority to MetLife. MetLife's benefit determinations are therefore subject to *de novo* review.

WHEREFORE, Plaintiff prays that Defendant be cited to appear herein and answer and that on final hearing, he has judgment against Defendant for his damages, plus pre-judgment and post-judgment legal interest, for costs of suit, for reasonable attorney's fees and expenses incurred and that Plaintiff have a clarification of his right to receive future benefits under the Plan, to which he may show himself justly entitled under the attending facts and circumstances.

Respectfully submitted,

By:   /s/ *Lonnie Roach*
     LONNIE ROACH
     Attorney-in-Charge
     State Bar No. 16967600

**BEMIS, ROACH & REED**
4100 Duval Road, Bldg. I, Suite 200
Austin, Texas 78759
(512) 454-4000 Telephone
(512) 453-6335 Facsimile
lonnie@brrlaw.com

**ATTORNEYS FOR PLAINTIFF**